14 So.3d 238 (2009)
Leonardo FRANQUI, Appellant(s)
v.
STATE of Florida, Appellee(s).
No. SCSC05-830.
Supreme Court of Florida.
July 16, 2009.
Leonardo Franqui, a prisoner under sentence of death, has appealed the denial of his postconviction claims, including the circuit court's denial of his claim in which he alleged mental retardation pursuant to Florida Rule of Criminal Procedure 3.203 and Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and in which he sought an evidentiary hearing regarding the claim. By order entered November 30, 2007, this Court relinquished jurisdiction to the trial court "to allow the trial court to enter an order on appellant's claim based on mental retardation." During the relinquishment, the circuit court entered its order summarily denying the claim of mental retardation on February 21, 2008. Jurisdiction was returned *239 to this court for briefing and oral argument, which was held March 12, 2009.
Having reviewed the record in this case, including prior proceedings, we reverse the summary denial of Franqui's claim for mental retardation and temporarily relinquish jurisdiction to the circuit court for ninety days for an evidentiary hearing to be held on Franqui's mental retardation claim. In making a determination of whether Franqui is mentally retarded, the circuit court shall consider the requirements set forth in Cherry v. State, 959 So.2d 702 (Fla.2007), including the following requirement:
[The defendant] must establish that he has significantly subaverage general intellectual functioning. If significantly subaverage general intellectual functioning is established, [the defendant] must also establish that this significantly subaverage general intellectual functioning exists with deficits in adaptive behavior. Finally, he must establish that the significantly subaverage general intellectual functioning and deficits in adaptive behavior manifested before the age of eighteen.
Id. at 711. We express no opinion on the merits of his mental retardation claim.
We reserve ruling on all other claims currently pending in this appeal. The parties and the trial court shall proceed in an expedited manner, and an evidentiary hearing on Franqui's mental retardation claim shall be held and an order entered within ninety days of this order.
The court reporters shall have thirty days after completion of the above proceedings in which to file any transcripts with the trial court clerk, and the trial court clerk shall have twenty days after receipt of the transcripts in which to file a record of the entire relinquishment proceeding with this Court. Per this Court's Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 13, 2004, the court reporters are directed to transmit a copy of any transcripts, in addition to paper copies, in an electronic format as required by the provisions of that order. The electronic version for this Court shall be submitted to the following e-mail address: e-file@flcourts.org.
Counsel for the parties are hereby directed to file status reports with this Court every thirty days as to the progress of the relinquishment proceeding.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, and LABARGA, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.
PERRY, J., did not participate.
CANADY, J., dissenting.
Because Franqui's claim is untimely and facially insufficient, I dissent.
When Florida Rule of Criminal Procedure 3.203 became effective on October 1, 2004, Franqui's initial postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was pending in the trial court. Franqui therefore was subject to rule 3.203(d)(4)(C), which permitted him to "amend the [pending] motion to include a claim under [rule 3.203] within 60 days after October 1, 2004." Franqui simply failed to act within that sixty-day period. He has never asserted any basis for excusing his failure to timely file an amendment to his postconviction motion.
Furthermore, the untimely claim filed by Franqui is facially insufficient under the definition of mental retardation contained in rule 3.203(b). Franqui has never *240 alleged facts sufficient to show a prima facia mental retardation claim. Most saliently, he has never alleged that there was any significantly subaverage intellectual functioning with deficits in adaptive behavior that was "manifested during the period from conception to age 18." Fla. R.Crim. P. 3.203(b) (emphasis added). This is an essential element of a mental retardation claim which is totally lacking in Franqui's allegations.
There is no basis for reversing the trial court's denial of Franqui's claim. I would affirm.
POLSTON, J., concurs.